UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANIL KUMAR, TOBIAS NUNEZ GUZMAN,

    Plaintiffs,

  v.

STEVEN L. DUFOR, et al.,

    Defendants.

2:17-cv-0615 AC P

No. 2:16-cv-1082 AC P

ORDER

  Plaintiffs are two inmates, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983.

  This court has determined that each plaintiff should proceed separately on his own claim. The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

  In the instant action, plaintiffs were individuals detained in the Yuba County Jail. Plaintiff Guzman remains housed in the Yuba County Jail, but plaintiff Kumar has been transferred to the Mesa Verde Community Correctional Facility. In this court's experience, an

action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, as already experienced here, the changes in address that occur when inmates are released, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.

Accordingly, the court will order that plaintiffs' claims be severed. Plaintiff Kumar will proceed in this action, while plaintiff Guzman will proceed in a civil action to be opened by the Clerk of the Court. Each plaintiff will proceed with his own action and will be solely responsible for his own action.

The Clerk of the Court is directed to assign the new action to the same magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Each plaintiff has filed a request for leave to proceed in forma pauperis. The Clerk of the Court is directed to file plaintiff Guzman's request to proceed in forma pauperis in his new action. Each plaintiff is cautioned that if this action proceeds further it is probable that each plaintiff will incur a liability in the amount of the $350.00 filing fee, which amount will be collected from his prison trust account.[1] See 28 U.S.C. § 1915(b).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The claims of plaintiff Guzman are severed from the claims of plaintiff Kumar;

2. Plaintiff Kumar shall proceed as the sole plaintiff in case No. 2:16-cv-1082 AC;

3. The Clerk of the Court is directed to:

    a. Open a separate civil action for plaintiff Guzman;

    b. Assign the new action to the magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

////

---

[1] See Information to Prisoners Seeking Leave to Proceed with a Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915.

   c. File and docket a copy of this order in the file opened for plaintiff Guzman;

   d. Place a copy of the complaint filed May 20, 2016 (ECF No. 1), and the motion to proceed in forma pauperis filed June 2, 2016 (ECF No. 4), in the file opened for plaintiff Guzman;

   e. Strike from the caption of each plaintiff's complaint the name of the other plaintiff;

   f. Send plaintiff Guzman an endorsed copy of his complaint bearing the amended caption and the case number assigned to his own individual action;

Dated: March 23, 2017

                             */s/ Kendall J. Newman*
                             KENDALL J. NEWMAN
                             UNITED STATES MAGISTRATE JUDGE

/kuma1082.2.2